No. 26-2060

_____

**UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

_____

Douglas Kaltved and Jenna Kaltved,

*Plaintiffs-Appellants*,

vs.

Wilford, Geske & Cook, P.A.; Mackenzie Eichen, individually (AmeriHome employee who signed Assignment of Mortgage as Vice President of MERS); Jason Webb, individually (AmeriHome Vice President who executed Notice of Pendency and Power of Attorney; AmeriHome Mortgage Company, LLC; ServiceMac, LLC; Cenlar FSB (subservicer); Federal National Mortgage Association (Fannie Mae); Mortgage Electronic Registration Systems, Inc. (MERS); Onward Financing, LLC

*Defendants-Appellees*

and

Brad Wise, individually and as Sheriff of Anoka County; Lucas Christoffersen, individually (Deputy Sheriff who executed sale); Richard Kreyer, individually and as Civil Process Supervisor, Anoka County Sheriff's Office; and John Doe 1-10

*Defendants*.

_____

Appeal from the United States District Court for the District of Minnesota
Case No. 25-cv-4755 (NEB/JFD)

_____

**DEFENDANTS-APPELLEES WILFORD, GESKE & COOK, P.A., AND
MACKENZIE EICHEN'S JOINT MOTION TO DISMISS APPEAL**

_____

Defendant-Appellee Wilford, Geske & Cook, P.A., (Wilford) and Defendant-Appellee Mackenzie Eichen bring this joint motion to dismiss this appeal pursuant to Fed. R. App. P. 3(a), Fed. R. App. P. 27 (a), and Local Rule 47A(b). The order from which Plaintiffs-Appellants Douglas Kaltved and Jenna Kaltved appeal is not a final order and is not immediately appealable as to Wilford and Eichen. This Court should dismiss any putative appeal against them.

## FACTS

On May 29, 2026, this Court docketed the Kaltveds' appeal from the district court's May 22, 2026 order. In that order, the district court granted motions to dismiss that had been brought by Wilford, Eichen, and numerous other defendants (Jason Webb, AmeriHome Mortgage Company, LLC, ServiceMac, LLC, Cenlar FSB, Federal National Mortgage Association (Fannie Mae), Mortgage Electronic Registration Systems, Inc. (MERS), and Onward Financing, LLC). (ECF 163). The district court also denied the Kaltveds' motion for a temporary restraining order or preliminary injunction.[1] (*Id.*).

After filing their notice of appeal with this Court, the Kaltveds filed an "emergency" motion for entry of judgment under Fed. R. Civ. P. 54(b), asking the district court to certify its May 22 order for immediate appeal. (ECF 174). The

---

[1] The motion for a temporary restraining order or preliminary injunction did not involve Wilford or Eichen and both parties took no position on that motion. (*See* ECF 67-2; ECF 72).

district court denied that motion on June 9, 2026. (ECF 195). Because the Kaltveds do not define the scope of their appeal in the notice of appeal, and because the order is not appealable as to Wilford's dismissal and Eichen's dismissal, these parties now move this court to dismiss the appeal.

**ARGUMENT**

Generally speaking, a party has a right to appeal only from a final judgment of the district court. *See Dupree v. Younger*, 598 U.S. 729, 733–34 (2023) ("The jurisdiction of the Courts of Appeals under 28 U.S.C. § 1291 is limited to 'appeals from ... final decisions of the district courts.'"); *Noon v. City of Platte Woods, Missouri*, 94 F.4th 759, 763 (8th Cir. 2024) ("Ordinarily, we review only final decisions of district courts."). A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Hall v. Hall*, 584 U.S. 59, 64 (2018). "[A]ny litigant armed with a final judgment from a lower federal court is *entitled* to take an appeal." *Id.* (emphasis added) (quoting *Arizona v. Manypenny,* 451 U.S. 232, 244 (1981)).

Parties are allowed to appeal from non-final orders or judgments in certain limited circumstances. If the order from which they appeal falls into one of the categories enumerated in 28 U.S.C. § 1292(a), a party may take an interlocutory appeal as of right. And if the district court certifies an interlocutory order in

accordance with the language in Fed. R. Civ. P. 54(b), a party may take an interlocutory appeal.[2]

The May 22 order from which the Kaltveds purport to appeal is not a final decision of the district court. Instead, it disposes of some claims against some defendants and leaves other claims against other defendants alone. (*See* ECF 163). Moreover, although the Kaltveds moved the district court to certify this order for immediate appeal under Fed. R. Civ. P. 54(b), the district court denied that order. As a result, the May 22 order is not final and is not appealable as of right. *Rice v. Interfood, Inc.*, 771 F. App'x 704 (8th Cir. 2019); *Mathers v. Wright*, 636 F.3d 396, 398 (8th Cir. 2011); *Bullock v. Baptist Mem'l Hosp.*, 817 F.2d 58, 59 (8th Cir. 1987); *Scarrella v. Midwest Fed. Sav. & Loan*, 536 F.2d 1207, 1209 (8th Cir. 1976).

Wilford and Eichen acknowledge that one part of the district court's order denied the Kaltveds' motion for a preliminary injunction, is immediately appealable as of right under 28 U.S.C. § 1292(a)(1). But the fact that the dismissal order also denies injunctive relief does not make those dismissals appealable. *See Albert v. Qwest Commc'ns Int'l, Inc.*, 226 F. App'x 630, 630 (8th Cir. 2007) (stating that, while the court has "interlocutory appellate jurisdiction to review that part of the order

---

[2] This Court may, however, disagree with that certification and dismiss appeals taken pursuant to Fed. R. Civ. P. 54(b). *See Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804 (8th Cir. 1993) (dismissing appeal for lack of jurisdiction after concluding district court abused its discretion when certifying for immediate appeal under Rule 54(b)).

denying injunctive relief," the part of the order dismissing some but not all defendants was not appealable because the district court did not certify for immediate appeal or direct entry of partial final judgment).

Absent a final decision to review, this Court lacks subject-matter jurisdiction over any appeal as to the dismissal orders. *See* 28 U.S.C. § 1291 ("The courts of appeals … shall have jurisdiction of appeals from all final decisions of the district courts of the United States."). And because the Court does not have jurisdiction, it should dismiss this appeal to the extent the Kaltveds seek review of the district court's decision dismissing Wilford and Eichen. *See Finneman v. Laidlaw*, 57 F.4th 605, 608 (8th Cir. 2023) ("Without jurisdiction, … this court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases [or fails to exist in the first instance], the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quotation omitted) (alteration in original).

## CONCLUSION

Appellants purport to appeal from the district court's non-appealable order dismissing some but not all defendants from this lawsuit. Because this Court lacks jurisdiction to review those dismissals because they are not a final decision of the district court, it should dismiss this appeal.

Respectfully submitted,

Date:                              /s/ Julia J. Nierengarten

M. Gregory Simpson (#204560)
Julia J. Nierengarten (#0391851)
Megan Seavy (#0402821)
Meagher & Geer, P.L.L.P.
33 South Sixth Street, Suite 4300
Minneapolis, MN 55402
Telephone: (612) 338-0661
gsimpson@meagher.com
jnierengarten@meagher.com
mseavy@meagher.com

***Attorneys for Defendant-Appellee Wilford, Geske & Cook, P.A***

Date:                              /s/ Brian A. Gravely

Brian A. Gravely (#0336749)
Julia J. Nierengarten (#0391851)
Meagher & Geer, P.L.L.P.
33 South Sixth Street, Suite 4300
Minneapolis, MN 55402
Telephone: (612) 338-0661
bgravely@meagher.com
jnierengarten@meagher.com

***Attorneys for Defendant-Appellee Mackenzie Eichen***

15855723.1

## <u>CERTIFICATE OF COMPLIANCE</u>

1.     This memorandum complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) with a word count of 973.

2.     This memorandum complies with the paper size, line spacing, margin, and typeface and type style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5)-(6), as it was prepared in proportionally spaced typeface using Microsoft® Word for Microsoft 365 MSO in 14 size Times New Roman.

3.     The electronic version of this memorandum has been scanned for viruses and found to contain no known viruses.

By: */s/Julia J. Nierengarten*
Julia J. Nierengarten

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2026, I electronically filed ***DEFENDANTS-APPELLEES WILFORD, GESKE & COOK, P.A., AND MACKENZIE EICHEN'S JOINT MOTION TO DISMISS APPEAL***. with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By*: /s/Julia J. Nierengarten*
Julia J. Nierengarten